UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

               Plaintiff,

        -against-

STARBUCKS CORPORATION,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/19/25_

25-CV-8739 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, plaintiff's motion for leave to serve early discovery (Pl. Mot.) (Dkt. 19) is DENIED.

In the federal district courts, a plaintiff generally may not seek any discovery, from "any source," until "the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Exceptions to this rule require a showing of "reasonableness and good cause." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (Lynch, J.); *Hubbuch v. Cap. One, N.A.*, 2025 WL 2161238, at *1 (S.D.N.Y. Feb. 3, 2025). The bar is fairly high. Thus, for example, in *Ayyash*, the court granted early discovery as to the location of defendants' assets where the plaintiff had already made "a strong evidentiary showing of the substantiality of his claims," which alleged a massive financial fraud, and defendants were "foreign individuals and corporations who have both incentive and capacity to hide their assets." 233 F.R.D. at 327. But in *Hubbuch*, the court denied a request for early discovery to "preserve critical evidence" where plaintiff's assertions about the risk of spoliation were "conclusory and speculative," and where defendant, which had appeared through counsel, was already "under an obligation to preserve evidence." 2025 WL 2161238, at *1.

Plaintiff Moody has not shown good cause for early discovery. In his complaint, he alleges that defendant Starbucks violated the Americans with Disability Act (and other statutes) by terminating his employment in August 2025, while his "approved medical leave through Sedgwick remained active through August 11, 2025." Compl. (Dkt. 1) at 1.[1] In his motion for early discovery, he argues that Starbucks might have lost relevant electronic evidence due to routine retention risks, particularly during the six-week period between October 22, 2025, when this case was filed, and December 3, 2025, when counsel appeared on defendant's behalf. Pl. Mot. at 2-4; *see also* Pl. Reply (Dkt. 27) at 2 (clarifying that "[p]laintiff is not alleging bad faith spoliation"). A general concern about "routine retention risks," Pl. Reply at 2, does not constitute good cause for an exception to Rule 26(d)(1), particularly where – as here – plaintiff has not "identified any specific evidence, other than relevant documents generally — that are at risk of being spoliated." *Hubbuch*, 2025 WL 2161238, at *2.

Moreover, the order that plaintiff seeks – even as narrowed in his reply brief – goes well beyond any of the discovery devices set forth in the Federal Rules of Civil Procedure, and therefore fails the test of reasonableness. Plaintiff asks this Court to compel Starbucks to provide a "short declaration from a knowledgeable custodian (or counsel)," Pl. Reply at 1, which would "confirm[] that a litigation hold has been implemented"; "identify[] the general categories preserved" and "the date the hold was implemented"; identify and describe the "applicable

---

[1] Two days before he sued Starbucks, plaintiff separately sued Sedgwick Claims Management Services, Inc. (Sedgwick), which was apparently Starbucks' disability plan administrator, alleging that Sedgwick "terminated Plaintiff's short-term disability benefits without proper notice, reasons, or appeal rights." Compl. (Dkt. 1), at 3, *Moody v. Sedwick Claims Mgmt. Servcs., Inc.*, 25-cv-8671 (JHR) (VF) (S.D.N.Y. Oct. 20, 2025) (*Moody v. Sedgwick*). In that case, plaintiff unsuccessfully sought a temporary restraining order and preliminary injunction directing Sedgwick to preserve – and to produce within 14 days – its "complete administrative claims file." *See* Order (Dkt. 10) at 1-3, *Moody v. Sedwick* (S.D.N.Y. Nov. 5, 2025) (denying motion because, among other things, plaintiff failed to establish a likelihood of success on the merits, and noting that all parties bear an obligation to preserve relevant evidence).

retention periods (or overwrite cycles)" for a variety of data sources; and identify Starbucks' "systems of record," as well as "the custodian roles most likely to control the above categories." *Id*. at 1-2 (emphasis omitted). Nothing in the record before this Court would justify imposing that burden on defendant at this time. In short, "the Court finds no likely prejudice to [p]laintiff if his application is denied and no good cause or reason to depart from the generally prescribed order of discovery." *Hubbuch*, 2025 WL 2161238, at *2.

The Clerk of Court is respectfully requested to close the motion at Dkt. 19.

Dated: New York, New York
       December 19, 2025

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3