USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __02/11/26__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

        Plaintiff,

      -against-

STARBUCKS CORPORATION,

             Defendants.

25-CV-8739 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

In an Opinion and Order dated January 20, 2026 (January 20 Order) (Dkt. 48), this Court granted the motion of defendant Starbucks Corporation (Starbucks) to compel plaintiff Amari J. Moody to arbitrate all of his claims against Starbucks and stayed this action, in accordance with the Federal Arbitration Act (FAA), pending the completion of the arbitration.[1] Between January 21 and January 27, 2026, plaintiff Moody, who is proceeding pro se, filed 17 new motions, notices, objections, briefs, and declarations. *See* Dkts. 50-54, 56-67. On January 29, 2026, the Hon. Paul A. Engelmayer, United States District Judge, reminded plaintiff that "the present action . . . is stayed pending arbitration." January 28 Order (Dkt. 68) at 2. Undeterred, plaintiff filed seven more motions and notices between January 29 and February 6, 2026 (Dkts. 69-75), many of which are duplicative of his earlier filings (and of one another).[2]

Some of plaintiff's post-stay motions (Dkts. 60, 63, 64, 69, 72) appear to seek reconsideration of the January 20 Order, or modification or dissolution of the stay. Such motions

---

[1] *Moody v. Starbucks Corp.*, 2026 WL 146404, at *8 (S.D.N.Y. Jan. 20, 2026).

[2] *See, e.g.*, Dkt. 60 ("Plaintiff's Consolidated Motion Requesting Exercise of Article III Supervisory Authority Over Pending Motions, Structural Defects, and Ultra Vires Orders"); Dkt. 69 ("Plaintiff's Emergency Motion to Vacate All Void, Ultra Vires, and Structurally Defective Orders"); Dkt. 70 ("Plaintiff's Emergency Notice of Void Arbitration Proceedings and Motion to Strike Defendant's Motion to Compel Arbitration as Legally Defective, Factually Unsupported, and Jurisdictionally Inoperative"); Dkt. 74 ("Notice of Void Orders and Ultra Vires Action").

are properly resolved by this Court, and are addressed below, along with plaintiff's motion (Dkt. 65) to recuse the undersigned magistrate judge. However, plaintiff also seeks relief that cannot be obtained in a stayed case, including – for example – sanctions against Starbucks (Dkt. 56); "judicial notice" of the content of Starbucks' motion papers (Dkt. 57); a new temporary restraining order (TRO) (Dkt. 59); and *post hoc* orders striking the papers that Starbucks filed in support of its successful motion to compel arbitration (Dkts. 58, 70). In addition, plaintiff has littered the docket with a series of "notices" in which he seeks no specific relief but repeats and recycles the arguments made in his motions and briefs.[3] The pace, volume, and content of plaintiffs' filings – not just in this case, but also in other cases he has filed in this District – suggests that plaintiff is relying on a generative artificial intelligence tool to flood the courts with these materials.[4]

### Effect of Stay

Plaintiff is reminded, again, that this action is stayed. As the Second Circuit explained in *Brown v. Peregrine Enters., Inc.*, 2023 WL 8800728 (2d Cir. Dec. 20, 2023):

---

[3] *See, e.g.*, Dkt. 50 ("Plaintiff's Notice of Systematic Procedural Irregularities"); Dkt. 53 ("Plaintiff's Notice of Material Record Correction"); Dkt. 54 ("Notice to the District Judge Regarding Procedural Posture"); Dkt. 74 ("Notice of Void Orders and Ultra Vires Action"); Dkt. 75 ("Notice of Title II ADA Violations, ADA Violations, Discriminatory Practices, and Required Corrective Action").

[4] Plaintiff Moody has filed seventeen cases in the Southern District of New York since October 2025. In several of those cases, he has recently submitted flurries of motions – remarkably similar to those filed here – complaining of "void," "ultra vires," or "structurally defective" case management orders, demanding "Article III supervisory intervention," attempting to strike defendants' motion papers, seeking TROs, mandamus relief, and sanctions, and calling for the recusal of the assigned judges. *See, e.g.*, *Moody v. Sedgwick Claims Management Services, Inc.*, No. 25-CV-08671 (JHR) (VF) (S.D.N.Y., filed October 20, 2025) (Dkts. 25-30, 34-36, 40, 47-49, 51-54, 56); *Moody v. New York Institute of Technology et al.*, No. 25-CV-08730 (MMG) (SN) (S.D.N.Y., filed Oct. 21, 2025) (Dkts. 27-29, 32, 34-35, 50, 52, 56-65, 63, 67, 70-80, 87-91); *Moody v. Mount Sinai Hosp.*, No. 25-CV-08859 (JHR) (VF) (S.D.N.Y., filed October 27, 2025) (Dkts. 15-20, 23-25, 27-30); *Moody v. United States Postal Serv.*, No. 25-CV-09790 (LTS) (S.D.N.Y., filed Nov. 24, 2025) (Dkts. 8-16, 18-24).

> Section 3 of the FAA provides, in relevant part, that courts must stay litigation "until . . . arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. This stay requirement *prevents litigation in federal court until a final arbitral award has been rendered*; after that, the stay can be lifted to allow for "a subsequent proceeding to confirm, modify, or set aside the arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202 (2000) (citing 9 U.S.C. §§ 9–11).

*Id*. at *2 (emphasis added).

Because this case is stayed pursuant to the FAA, defendant need not respond to plaintiff's filings, and the Court will not act on them, except to the extent that one or more of them can be construed as a timely motion for reconsideration of the January 20 Order pursuant to Local Civ. R. 6.3, a timely objection to that order pursuant to Fed. R. Civ. P. 72(a),[5] or a motion "to dissolve the stay or, after the arbitration has run its course, to make orders with respect to the arbitral award." *McCrae v. Oak St. Health, Inc.*, 2025 WL 415389, at *2 (S.D.N.Y. Feb. 6, 2025) (quoting *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010)).

### Reconsideration, Modification, Dissolution

Plaintiff's motion at Dkt. 63 expressly seeks reconsideration of this Court's January 20 Order pursuant to, *inter alia*, Local Civil Rule 6.3. Reading plaintiff's remaining filings generously, in light of his pro se status, the Court also construes his motions at Dkts. 60, 64, 69 (in part), and 72 as seeking reconsideration, modification, and/or dissolution of the January 20 Order. The motions at Dkts. 60, 63, 64, and 69 advance the following (overlapping) arguments:

- The Court misunderstood or made incorrect assumptions about the facts underlying the motion to compel arbitration, improperly relied on Starbucks' factual declarations, and/or engaged in "extra-record factfinding." *See* Dkt. 60 at 1, 3; Dkt. 63 at 1, 2-3; Dkt. 64 at 2, 3-4; Dkt. 69 at 2, 3.

---

[5] Both reconsideration motions and objections must be filed within 14 days of the order being challenged. Local Civ. R. 6.3; Fed. R. Civ. P. 72(a). That deadline expired on February 4, 2026. Although plaintiff is well aware of the procedure for objecting to a magistrate judge's order under Rule 72(a) (*see* Dkts. 29, 35, 51), he does not appear to have filed a timely objection to the January 20 Order.

- The undersigned magistrate judge improperly granted a "dispositive" motion to compel arbitration. *See* Dkt. 60 at 1, 2; Dkt. 63 at 4; Dkt. 64 at 1, 3; Dkt. 69 at 2.

- The undersigned magistrate judge improperly compelled arbitration before the district judge acted on plaintiff's TRO motion or resolved his Rule 72(a) objections to earlier orders issued by the magistrate judge. *See* Dkt. 60 at 1, 2-4; Dkt. 64, at 1-3; Dkt. 69 at 2-3.

- The January 20 Order misapplied Title II of the Americans with Disabilities Act (ADA) or "incorporate[d] ADA Title II access violations." *See* Dkt. 63 at 3; Dkt. 64 at 2, 4.

- The undersigned magistrate judge lacked authority to address "ADA-protected disability issues." *See* Dkt. 60 at 1, 3; Dkt. 69 at 4.

As a remedy, plaintiff asks the Court to vacate the January 20 Order; strike, withdraw, or correct the factual findings therein; stay the arbitration; "restore the case to proper Article III supervision"; and "[p]rohibit Defendant from initiating or advancing arbitration pending judicial review." *See* Dkt. 60 at 4; Dkt. 61 at 4; Dkt. 63 at 4; Dkt. 64 at 1, 4-5; Dkt. 69 at 5.[6]

The motion at Dkt. 72 argues that, since January 20, Starbucks has waived its right to enforce the parties' underlying arbitration agreement, by failing to initiate arbitration, and has violated the stay, by emailing plaintiff to ask about settlement. As a remedy, plaintiff asks the Court to lift the stay pursuant to § 3 of the FAA. *See* Dkt. 72 at 1, 5. On February 9, 2026, Starbucks filed a letter-brief in opposition to this motion, in the course of which it noted that because of the stay it had previously refrained from responding to the "myriad of procedurally improper (and baseless) motions" filed by plaintiff. *See* Dkt. 76 at 1.

Insofar as plaintiff seeks reconsideration of the January 20 Order, the standard for granting such relief is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other

---

[6] Plaintiff advanced many of the same arguments and sought similar relief in his motion at Dkt. 52, which the district judge addressed in his January 29 Order. *See* Dkt. 68 at 2.

words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Civ. R. 6.3 (party seeking reconsideration must set forth "concisely the matters or controlling decisions which [he] believes the court has overlooked"). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citation and quotation omitted).

Plaintiff has not pointed to any "controlling decisions or data that the court overlooked" when issuing the January 20 Order and that "might reasonably be expected" to alter the outcome of the underlying motion. *Shrader,* 70 F.3d at 257. As explained in the January 20 Order, the Court was entitled to rely on matters outside of the pleadings, including defendant's declarations, in deciding the motion. *See Moody*, 2026 WL 146404, at *4 (citing *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017)). Moreover, although plaintiff filed a brief in opposition to the motion (Dkt. 43), he did not object to Starbucks' declarations or dispute any of the facts on which this Court relied in compelling arbitration (until the motion was decided against him). Most significantly, plaintiff did not – and does not – deny that he entered into the Starbucks Mutual Arbitration Agreement (MAA) on April 8, 2024, as part of his "onboarding process" at Starbucks. *See Moody*, 2026 WL 146404, at *3. Consequently, his Monday-morning efforts to contest distinctly non-material factual matters (for example, the exact date on which he moved from Georgia to New York after signing the MAA)[7] furnish no basis for reconsideration.

---

[7] In a declaration filed in support of defendant's motion to compel arbitration, Starbucks' Director of Recruiting attested that plaintiff "took a personal leave of absence" from his employment at a Starbucks store in Georgia in August 2024, but returned to work on or around September 30, 2024, and, at his request, transferred to a Starbucks store in New York. Marangwanda Decl. (Dkt. 39) ¶ 18. In reliance on that testimony – but recognizing that the timeline provided was not precise – the Court wrote, "It appears that plaintiff moved to New York in August or September

Plaintiff's claim that a magistrate judge cannot grant a motion to compel arbitration – or cannot do so until all previously-filed motions and objections are resolved – is equally mistaken. As explained in the January 20 Order, numerous courts within the Second Circuit have squarely held that "[a] motion to compel arbitration is within the authority of a magistrate judge to 'hear and determine' pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)." *Moody*, 2026 WL 146404, at *6 (internal quotation and citation omitted); *see also, e.g.*, *McCrae*, 2025 WL 415389, at *2 ("The prevailing view among district courts in this Circuit is that a motion to compel arbitration is non-dispositive, and therefore may be decided by a magistrate judge[.]") (collecting cases). Plaintiff does not cite a single case – within or without the Second Circuit – holding otherwise.[8]

Nor does plaintiff cite any authority for the proposition that defendant's motion to compel arbitration must await resolution of all of his earlier-filed motions and objections.[9] There is no

2024." *Moody*, 2026 WL 146404, at *2. In his reconsideration motion, plaintiff objects to that sentence because – he says – he has "documentary proof of New York employment beginning October 14, 2024." Dkt. 63 at 2. Plaintiff does not, however, disclose the date on which he actually moved to New York, or explain why this matters to the motion to compel arbitration.

[8] According to plaintiff: "Second Circuit law is clear: a motion to compel arbitration is dispositive because it removes a case from Article III jurisdiction and stays the federal action. See, e.g., Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc., 561 F. App'x 131 (2d Cir. 2014)." Dkt. 60 at 2. This is the sole authority he cites for the proposition (which he repeats across multiple motions) that the undersigned magistrate judge lacked the authority to issue the January 20 Order. The case exists, but it was decided by the *Third* Circuit. More importantly, it held that an order compelling arbitration is *non*-dispositive (because it "does not dispose of the case" but "merely suspend[s] the litigation"), and consequently that a magistrate judge has the authority to rule on such a motion pursuant to 28 U.S.C. § 636(b)(1)(A), subject to review by the district judge *if* an objection is timely made pursuant to Rule 72(a). *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133-34 (3d Cir. 2014).

[9] None of those motions and objections had anything to do with arbitration. Instead, as detailed in the January 20 Order, plaintiff's initial TRO motion sought "[i]mmediate relief . . . to preserve evidence and prevent further retaliation." *Moody*, 2026 WL 146404, at *3 (record citation omitted). His pending objections challenged various case management orders issued by the undersigned magistrate judge, including an order denying plaintiff's motion to take early discovery; an order denying his motion for leave to participate in this action "exclusively through

such rule. Indeed, as plaintiff pointed out in his brief in opposition to the motion to compel (*see* Dkt. 43 at 2), a party that is entitled to compel arbitration risks waiving that right should it first engage in substantial merits litigation in court. Thus, Starbucks properly filed its motion at the "earliest practical time," *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 235 (S.D.N.Y. 2020), *objections overruled*, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021), and this Court properly decided it as soon as it was fully briefed.

Plaintiff's contention that this Court misapplied the ADA (*see* Dkt. 63 at 3), lacked authority to address ADA-protected disability issues (*see* Dkt. 60 at 1, 3, Dkt. 69 at 4), or "incorporate[d] ADA Title II access violations" (*see* Dkt. 64 at 2), is difficult to fathom, given that the January 20 Order did not purport to apply the ADA or address any ADA-protected disability issues. To the contrary: the Court expressly declined to rule on the adequacy of plaintiff's ADA claim, leaving that claim – along with all of plaintiff's other claims – for the arbitrator. *See Moody*, 2026 WL 146404, at *4 n.5.

Lastly, plaintiff's contention that Starbucks has waived its right to compel arbitration since the January 20 Order was issued by failing to file an arbitration proceeding, or violated the stay by inviting plaintiff to make a settlement demand, is frivolous. Starbucks has not asserted any claims against plaintiff. Rather, it made and won a motion to compel *plaintiff* to arbitrate *his* claims *against* Starbucks. It is thus plaintiff's obligation (should he wish to pursue those claims) to initiate the arbitration proceeding. *See Hamrit v. Citigroup Glob. Markets, Inc.*, 2025 WL 1745020, at *1 (S.D.N.Y. June 24, 2025) (explaining that defendants, who made and won a

---

written submissions and written orders," rather than attending in-person or remote court proceedings; and an order adjourning the initial case management conference from January 7 to February 19, 2026. *See Moody*, 2026 WL 146404, at *3. To the extent these matters are not now entirely moot (for example, the date of the initial pretrial conference in this Court), plaintiff may take them up with the arbitrator.

motion to compel arbitration, "are not claimants and therefore do not bear the responsibility of initiating an arbitration over claims which they do not bring").

Should plaintiff fail to discharge his obligation to initiate the arbitration proceeding, Starbucks may return to this Court to seek an order of dismissal. *See Hamrit*, 2025 WL 1745020, at *2 ("If Plaintiff has not initiated the arbitration by June 27, 2025, the Court will order him to show cause why sanctions, including dismissal of this action with prejudice, should not be imposed for failure to comply with the Court's orders and/or for failure to prosecute."); *Dhaliwal v. Mallinckrodt PLC*, 2020 WL 5236942, at *2 (S.D.N.Y. Sept. 2, 2020) (dismissing case where plaintiff failed to commence arbitration for "nearly a year" after court granted defendant's motion to compel her to do so); *Occilien v. Related Partners, Inc.*, 2021 WL 3727275, at *1 (S.D.N.Y. Aug. 23, 2021) (warning plaintiff, approximately eight months after court granted defendant's motion to compel arbitration, that her case would be dismissed with prejudice if she remained unwilling to initiate the arbitration). For avoidance of doubt: If by July 20, 2026 (the date on which defendant's next status letter is due, *see Moody*, 2026 WL 146404, at *9), plaintiff has not initiated and pursued an arbitration proceeding in accordance with the MAA, Starbucks may seek dismissal of this action pursuant to Fed. R. Civ. P. 41(b).

Nor was there anything improper about Starbucks' "off-docket" outreach to plaintiff, through its counsel, "to negotiate settlement." *See* Dkt. 72 at 2. The FAA and the January 20 Order require plaintiff to pursue his claims against Starbucks in arbitration (if at all) rather than in court. But neither the statute nor the Order prevents the parties from discussing settlement. While it is true that a lawyer may not contact a *represented* party to negotiate a settlement behind the back of that party's lawyer, *see* N.Y. Rules of Prof'l Conduct, Rule 4.2(a), plaintiff is *unrepresented*. Consequently, Starbucks' counsel committed no ethical violation on January 29,

2026, when counsel wrote to plaintiff by email and asked for a settlement demand. *See* Dkt. 72-1 (email).

In his motion papers, plaintiff seeks reconsideration or vacatur of the January 20 Order not only pursuant to Local Civ. R. 6.3 but also pursuant to Fed. R. Civ. P. 54(b) and 60(b)(1), (3), (4), and (6), and the Court's "inherent authority to correct clear error and prevent manifest injustice." *See* Dkt. 63 at 1; Dkt. 69 at 1. Rule 54(b), which specifies the circumstances under which a court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties," is wholly irrelevant to the relief plaintiff seeks. Rule 60(b) does not assist plaintiff, because he does not identify any "mistake, inadvertence, surprise, or excusable neglect" entitling him to relief, as required by subsection (1); does not demonstrate any "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," as required by subsection (3); does not identify any "judgment" issued by this Court, much less show that the judgment was "void," as required by subsection (4); and does not advance "any other reason that justifies relief," as required by subsection (6). Likewise, the Court is not persuaded that the January 20 Order was issued in error or that "manifest injustice" will result if plaintiff is required to arbitrate his claims against Starbucks.

### Disqualification

By motion dated January 27, 2026 (Dkt. 65), plaintiff seeks to disqualify the undersigned magistrate judge pursuant to 28 U.S.C. § 455. Plaintiff claims that the motion "does **not** rest on disagreement with judicial rulings." Dkt. 65 at 1. That is incorrect. The motion is based entirely on the content of the January 20 Order and an earlier order, dated December 16, 2025, in which the undersigned magistrate judge noted that mail sent to plaintiff at the address he provided the Court was being returned as undeliverable (both in this case and in some of his other cases in this

District), and directed him to provide a current address where he "can receive documents served by other parties or mailed by the Court." Dkt. 20 at 1.

Section 455(a) requires a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) requires a judge to disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Impartiality is evaluated on an "objective" basis, such that recusal is required whenever "a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021) (internal quotation marks omitted).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992) ("Earlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality."). Here, plaintiff provides no basis for recusal other than his disagreement with this Court's rulings on December 16, 2025 and January 20, 2026. Consequently, I am required to deny his disqualification motion. *See Murphy v. LaJaunie*, 2021 WL 3159814, at *1 (S.D.N.Y. June 29, 2021) (Sullivan, J.) ("[T]he law of this Circuit is clear that a judge 'is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.'") (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)).

## Conclusion

For the reasons set forth above, plaintiff's motions at Dkts. 60, 63, 64, 69, and 72, to reconsider, vacate, or modify the January 20 Order and/or modify or dissolve the stay imposed therein, are DENIED, as is his motion at Dkt. 65, to disqualify the undersigned magistrate judge.

Plaintiff is hereby warned that should he persist in filing unauthorized motions, briefs, notices, and other materials in this forum, in violation of the stay – or repetitive motions recycling arguments already presented and resolved – his filings may be stricken; a filing injunction may be entered; and other sanctions may be imposed. *See, e.g.*, *George v. New York State Div. of Parole*, 685 F. App'x 30, 31 (2d Cir. 2017) (affirming order enjoining plaintiff from filing further "repetitive motions"); *Pina v. United States*, 2025 WL 2958751, at *3 (S.D.N.Y. Oct. 17, 2025) (dismissing case as a sanction for, *inter alia*, submitting twenty filings over seven weeks in a stayed case, after the court denied plaintiff's motion to lift the stay); *Miller v. Annucci*, 2019 WL 11276702, at *2 (N.D.N.Y. Nov. 13, 2019) (upholding order directing Clerk to strike any further unauthorized motions filed by the plaintiff as well within the magistrate judge's authority in light of the "vast number of filings" by the plaintiff, "some of which are duplicative").

The Clerk of Court is respectfully directed to close the motions at Dkts. 60, 63, 64, 65, 69, and 72.

Dated: New York, New York
           February 11, 2026                          **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**